## THE ANDREW WELCH.

(District Court, N. D. California. March 5, 1903.)

No. 12,579.

1. COLLISION—VESSEL BREAKING FROM MOORINGS—DEFENSE OF INEVITABLE ACCIDENT.

> Evidence considered, and *held* insufficient to sustain the burden of proof resting upon a bark, which broke from her moorings during a storm, and came into collision with another vessel, to establish that the injury resulted from inevitable accident or vis major, but, on the contrary, to show that it was due to the insufficiency of her fastenings.

In Admiralty. Suit for collision.

Sullivan & Sullivan, for libelants.
Page, McCutchen, Harding & Knight, for defendants.

DE HAVEN, District Judge. This action was brought by the owners of the bark Northwest against the bark Andrew Welch to recover damages resulting from a collision between the two vessels. The vessels lay at the same wharf in the Bay of San Francisco on March 1, 1902, during a very severe gale, in which the Andrew Welch broke away from her moorings and collided with the Northwest. The libel alleges that the Andrew Welch "was improperly, negligently, unskillfully, and unsecurely fastened and moored," and that "the appliances and hawsers with which said bark was fastened and moored * * * were defective and insufficient for such purposes." It is claimed by the Andrew Welch that the breaking of her mooring ropes was due to vis major, and that the collision which followed was due to the foul berth given to her by the Northwest. This latter contention is not sustained by the evidence, and, the collision

having been caused by the Andrew Welch in drifting from her mooring, "she must be liable for the damages consequent thereon, unless she can show affirmatively that the drifting was the result of inevitable accident or a vis major, which human skill and precaution and a proper display of nautical skill could not have prevented." The Louisiana, 3 Wall. 164, 18 L. Ed. 85. After a very careful consideration of the evidence, and of the briefs filed in behalf of the respective parties, I have reached the conclusion that the collision cannot be attributed to inevitable accident, but was due to the defective and insufficient fasts by which the Andrew Welch was moored. The evidence shows that the wire rope used by the Andrew Welch in making fast to the wharf, while it was of the required diameter for a vessel of her tonnage, was weakened from prior use and insufficient; that its breaking strain was only about 13½ tons, whereas a sound rope of its dimensions would have a breaking strain of 22 tons. Without entering into any further discussion of the evidence, it is sufficient to say that, in my opinion, it sustains the allegations of the libel as to the cause of the collision.

A decree will be entered in favor of the libelants, and the cause referred to United States Commissioner Morse for the purpose of ascertaining and reporting the damages sustained by them.