THE DRUMCRAIG.

THE LOCH TROOL.

(District Court, N. D. California. November 29, 1904.)

No. 13,261.

1. COLLISION—DEFENSE OF INEVITABLE ACCIDENT—BURDEN AND MEASURE OF PROOF.

To establish the defense of inevitable accident in a suit for collision, the respondent has the burden of proving that the collision resulted from a cause against which human skill and foresight could not have provided in the exercise of ordinary prudence.

2. SAME—VESSEL BREAKING FROM MOORINGS.

The breaking of a ship from her moorings at a dock during a severe storm, and her drifting into collision with another moored vessel, *held* not due to inevitable accident, where there was such warning of the approach of the storm as required the master, in the exercise of ordinary care, to put out more fastening lines.

In Admiralty. Suit for collision.

Frank & Mansfield, for libelant.
Page, McCutchen & Knight, for claimant.

DE HAVEN, District Judge. This libel was filed by the owner of the ship Drumcraig, against the British ship Loch Trool, to recover damages for injuries sustained as the result of a collision between the two vessels. The collision occurred about 4 o'clock on the morning of March 10, 1904. The Drumcraig was lying safely moored alongside the wharf at Oakland Pier, in the harbor of San Francisco. The Loch Trool was moored at the same pier, and distant about a ship's length from the Drumcraig. The Loch Trool broke away from her moorings, and drifted into collision with the Drumcraig. It is claimed by the owners of the Loch Trool that the collision was the result of inevitable accident.

The burden of proving that such was the cause of the collision is upon the Loch Trool. The Louisiana, 3 Wall. 164, 18 L. Ed. 85; The Andrew Welch (D. C.) 122 Fed. 557. An inevitable accident is something that human skill and foresight could not, in the exercise of ordinary prudence, have provided against. The Pennsylvania, 24 How. 307, 16 L. Ed. 699. Upon consideration of the evidence, my conclusion is that this defense of inevitable accident has not been sustained. I think it is shown by a fair preponderance of the evidence that the storm, although a violent one, gave sufficient warning of its approach to have made it the duty of the master of the Loch Trool to put out more fastening lines before the ship broke from her moorings, and the failure to

do this constitutes negligence for which the Loch Trool must respond in damages.

There will be a decree in favor of the libelant, and the case is referred to United States Commissioner Manley to ascertain and report the amount of damages sustained by libelant.